UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LUIS ALBERTO PEREZ VALERA,

                Petitioner,

v.

UNKNOWN PARTY et al.,

                Respondents.

_____/

Case No. 1:26-cv-1463

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.4.) In an Order entered on May 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the April 23, 2026, bond hearing on May 7, 2026, (Resp., ECF No. 9; Recording of April 23, 2026, Bond Hearing, filed on May 7, 2026), and Petitioner filed his reply on May 18, 2026, (ECF No. 11).

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Pet., ECF No. 1, PageID.2.; Resp., ECF No. 9, PageID.53.) On February 5, 2026, ICE arrested Petitioner. (Pet., ECF No. 1, PageID.2.)

On March 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Perez Valera v. Raycraft* (*Perez Valera I*), No. 1:26-cv-810 (W.D. Mich.). In *Perez Valera I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Perez Valera I*, (W.D. Mich. April 20, 2026), (ECF Nos. 13, 14).

On April 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 9, PageID.53.) At that hearing, the immigration judge questioned Petitioner about Petitioner's living situation and about where Petitioner worked. (Recording of April 23, 2026, Bond Hearing, at 4:30–6:05, filed on May 7, 2026.) The immigration judge also confirmed with Petitioner that Petitioner had never been arrested (except his immigration arrest) nor failed to appear for any court appearances. (*Id.* at 6:25-6:50.) The immigration judge told Petitioner, "Sir, it is your burden to show that you are not a flight risk. So, while I took your testimony, I find your testimony alone is insufficient to meet your burden." (*Id.* at 8:08-8:24.) At the conclusion of the April 23, 2026, bond hearing, the immigration judge denied Petitioner's request for bond in a written order, stating: "Denied, because Respondent is a flight risk. This can not [sic] be mitigated by a bond."

2

(Immigration Judge Order, ECF No. 9-1, PageID.65.) The immigration judge further clarified: "You [Petitioner] haven't proven to me [immigration judge] that you're not a flight risk." (Recording of April 23, 2026, Bond Hearing, at 9:30–9:33, filed on May 7, 2026.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    May 27, 2026                    /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge